IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kenneth Schaade,　　　　　　　　　　　　　　　Case No. 3:05CV7226

　　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　ORDER

Mark Marquis,

　　　　　　Defendant.

This is a civil rights action. Plaintiff Kenneth Schaade seeks damages for injuries he suffered when Officer Mark Marquis and other members of the Tiffin Police Department were executing a search warrant at plaintiff's home. Jurisdiction exists under 28 U.S.C. § 1331.

Pending is defendant's motion for summary judgment with respect to all claims and to bar any finding of punitive damages. For the following reasons, that motion will be granted in part, denied in part, and held in abeyance in part.

**Background**

On January 23, 2005, officers from the Tiffin Police Department, including the defendant, executed a search warrant for drugs at the plaintiff's home. Before going to Schaade's residence, Detective Charles Boyer briefed the officers on the search team. He described the plaintiff's criminal history and noted that the plaintiff owned two dogs, one of which had bitten an officer in the past. At that briefing, the officers decided to execute the warrant as a "no knock" warrant. They also

decided, as a means of distracting and disorienting the plaintiff and his dogs, to use a flash/distraction device.[1]

When the officers first approached the house, they encountered Schaade's son, Kenneth Schaade, Jr., and his stepson, Johnni Carter. The officers secured these two men and went to the plaintiff's front door.

Hearing noise outside, Schaade went to his front door. Three police officers were in the doorway. These officers told Schaade to put his hands up and get down on the ground.

There is no dispute that the plaintiff did not immediately obey the order to get on the ground. Instead, he took a few steps backwards toward a bedroom doorway. The defendant claims that the plaintiff also turned, or started to turn, toward the bedroom.

Sometime before Schaade started to get to the ground, Officer Marquis threw a flash/distraction device. At nearly the same time, Schaade got down on the ground. The device exploded near the plaintiff's face and shoulder, severely burning him. The parties dispute where and exactly when Marquis threw the device and how long it took for Schaade to comply with the officers' instructions to get on the floor.

## Discussion

Schaade has brought suit for violations of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments, pursuant to 42 U.S.C. §1983, and for Ohio common law battery. Plaintiffs' claims center around whether Marquis's use of the flash/distraction device was reckless and constituted excessive force in the execution of the search warrant. Defendant Marquis

---

[1] A "flash/distraction" device is a grenade-like explosive which emits a large bang and bright flash. If it explodes close to an individual, it can, as the device did in this case, cause serious burns.

contends: 1) he is entitled to qualified immunity from suit on all claims under both federal and state law, *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)); O. R. C. § 9.86; 2) Schaade has failed to produce sufficient evidence to support his claims; 3) Schaade cannot demonstrate Marquis's actions were the proximate cause of his injuries; and 4) Schaade cannot seek punitive damages.

### A. Qualified Immunity

The Sixth Circuit employs a three step analysis to determine if qualified immunity is available:

> First, we determine whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred. Second, we consider whether the violation involved a clearly established constitutional right of which a reasonable person would have known. Third, we determine whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003) (emphasis added) (quotation omitted). If the answer to all three questions is "yes," qualified immunity is not proper.

*Champion v. Outlook Nashville, Inc*., 380 F.3d 893, 901 (6th Cir. 2004).

There is no question Schaade had a constitutional right to be free from excessive force. *Graham v. Connor*, 490 U.S. 386, 395 (1989), and that right was clearly established, *Tallman v. Elizabethtown Police Dept*. 2006 WL 166610, *13 (6th Cir. 2006) (citing *Alexander v. City & County of San Fransisco*, 29 F.3d 1355, 1368 (9th Cir.1994)) (protections from reckless conduct in connection with the use of excessive force are clearly established).

Remaining then is the issue of whether Marquis's actions were objectively reasonable in light of the above established rights. *Feathers*, 319 F.3d at 848. With respect to qualified immunity, "summary judgment is inappropriate where there are contentious factual disputes over the

3

reasonableness of the use of . . . force." *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 903 (6th Cir. 1998).

This factual inquiry is no different than the "reasonableness" inquiry that governs excessive force claims in general. *Compare Elder v. Holloway*, 510 U.S. 510, 512 (1994) ("The doctrine of qualified immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law.") *with Graham*, 490 U.S. at 399 ("The Fourth Amendment inquiry [in an excessive force case] is one of 'objective reasonableness' under the circumstances"); *see also Quezada v. Cty. of Bernalillo*, 944 F.2d 710, 718 (10th Cir. 1991) ("While qualified immunity is a powerful defense in other contexts, in excessive force cases the substantive inquiry that decides whether the force exerted by police was so excessive that it violated the Fourth Amendment is the same inquiry that decides whether the qualified immunity defense is available to the government actor."). Because factual disputes exist, *see § B, infra*, summary judgment on the issue of qualified immunity is unavailable. *Sample v. Bailey*, 337 F. Supp. 2d 1012, 1021 (N.D. Ohio 2004) ("[W]hether [the police officer's actions] were reasonable is contingent on the fact-finder's resolution of the factual conflict.").

### B. Schaade Has Produced Sufficient Evidence to Support his Claims.

"[A]ll claims that law enforcement officers have used excessive force - deadly or not - in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Graham*, 490 U.S. at 395. Thus, the dispositive inquiry for all of plaintiff's claims is whether Marquis's actions were objectively reasonable in light of the facts and circumstances confronting him. *Id*. at 397.

The use of a flash/distraction device, like the one at issue here, is "neither per se objectively reasonable nor unreasonable." *U.S. v. Dawkins,* 83 Fed. Appx. 48, 51 (6th Cir. 2003) (quoting *Kirk v. Watkins*, 1999 WL 381119, *3 (10th Cir. 1999)). "Instead, the reasonableness of the device's use ... depends upon the facts and circumstances of each case." *Dawkins*, 83 Fed. Appx. at 51; *see also United States v. Folks*, 236 F.3d 384, 387-88 (7th Cir. 2001); *United States v. Myers*, 106 F.3d 936, 940 (10th Cir.1997).

Here, a jury could conclude Marquis's actions were unreasonable in light of the circumstances confronting him. Schaade produced evidence suggesting Marquis threw the flash/distraction device as he was complying with the officer's request that he get to the ground. In addition, from the testimony, a jury could conclude there was no safe place to throw the device in such a small room without risking serious injury. Indeed, police regulations specify that officers are to deploy the device no closer than five feet to any individual.

Finally, though the defendant contends dogs were threatening him, necessitating his use of the device, Schaade produced contradictory evidence suggesting no dogs were present during the encounter. Consequently, a jury could conclude Marquis's actions were unreasonable in these circumstances, and summary judgment is therefore inappropriate on the excessive force claims.

However, to the extent plaintiff raises Eighth Amendment claims concerning cruel and unusual punishment, that "[c]lause applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" *Whitley v. Albers*, 475 U.S. 312, 318-19 (1986) (quoting *Ingraham v. White*, 430 U.S. 651, 671, n. 40 (1977)). Any substantive due process protections under either the Fifth or Fourteenth Amendment clauses are, "at best redundant of that provided by the Eighth Amendment." *Graham*, 490 U.S. at 395 n.10. Because plaintiff's

claims concern only pre-arrest conduct, defendant's motion with respect to the Eighth Amendment claims will be granted.

### C. Proximate Causation

Defendant also contends his actions were not the proximate cause of Schaade's injuries. Marquis suggests plaintiff's injuries were the result of his own conduct - he did not get down when and where the officers ordered him to do so and, when he did go to the floor, he went where the device had been thrown. Where a plaintiff's intervening conduct is the "superseding cause" of his injuries, the defendant is not liable. *Estate of Sowards v. City of Trenton*, 125 Fed.Appx. 31, 41 (6th Cir. 2005) (citing *Bodine v. Warwick*, 72 F.3d 393, 400 (3rd Cir.1995)); *see also Restatement (Second) of Torts* §§ 440-453 (1965).

Here, however, the chronology of the parties' conduct is unclear. Factual issues remain concerning where and when Marquis threw the device, where and when Schaade complied with the officers' orders, and whether there was any safe place in the room to throw the device. Consequently, summary judgment will be denied on this issue.

### D. Punitive Damages

Finally, defendant requests a ruling that punitive damages are unavailable. "A jury may assess punitive damages in a section 1983 action if it finds that the defendant's conduct was motivated by 'evil motive or intent' or involved 'reckless or callous indifference to the federally protected rights of others.'" *Fiordalisi v. Zubek*, 342 F. Supp. 2d 737, 745 (N.D. Ohio 2004) (citing *Kolstad v. American Dental Assoc.*, 527 U.S. 526, 536 (1999)).

I prefer to withhold ruling on this issue until the parties have presented their evidence at trial. Thu, a ruling on this aspect of defendant's motion will be held in abeyance.

## Conclusion

It is, therefore,

ORDERED THAT:

1. Defendant's motion for summary judgment with respect to plaintiff's Eighth Amendment claims be, and the same hereby is granted;

2. Defendant's motion for summary judgment with respect to plaintiff's other claims be, and the same hereby is denied;

3. Defendant's motion to bar punitive damages be, and the same hereby is held in abeyance until trial.

So ordered.

                                                s/James G. Carr
                                                James G. Carr
                                                Chief Judge